SUE CAMPBELL, SBN 98728
ADRIANA C. MOORE, SBN 146121
CAMPBELL LAW OFFICE
370 George Hood Lane
Palo Alto, California 94306
Phone:  (408) 277-0648
Fax:       (408) 938-1035

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM T. BARROW and GERALD E. PFEIFFER, AS TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 332 HEALTH AND WELFARE AND PENSION TRUST FUNDS, NEBF, JEIF, NECA SERVICE CHARGE, NECA, DUES CHECK OFF AND APPRENTICESHIP TRAINING TRUST FUNDS,<br><br>Plaintiffs,<br><br>vs.<br><br>ELCO ELECTRIC INC., A California Corporation<br><br>Defendant(s). | CASE NO.:16-CV-06523-NC<br><br>JOINT REQUEST FOR APPROVAL OF SETTLEMENT AGREEMENT, STIPULATED JUDGMENT AND CONDITIONAL DISMISSAL WITHOUT PREJUDICE; ORDER |

WHEREAS, Plaintiffs WILLIAM T. BARROW and GERALD E. PFEIFFER, AS TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS (I.B.E.W) LOCAL 332 HEALTH AND WELFARE AND PENSION TRUST FUNDS, NEBF, JEIF, NECA SERVICE CHARGE, NECA, DUES CHECK OFF AND APPRENTICESHIP TRAINING TRUST FUND PLANS (hereinafter "Plaintiffs" or the "TRUST FUNDS") filed their Complaint on November 9, 2016 against Defendant ELCO ELECTRIC INC. a California Corporation ( hereinafter "Defendant" or "ELCO");

WHEREAS, Plaintiffs asserted a breach of the Collective Bargaining Agreements and violations under the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.SC. §185, 29 U.S.C. §1132 and 29 U.S.C. 1145;

WHEREAS, Plaintiffs filed an Entry of Default against Defendant on January 10, 2017;

WHEREAS, Plaintiffs and Defendant stipulated to set aside the Default on February 13, 2017;

WHEREAS, Defendant filed an Answer on February 15, 2017 and denies and/or alleges that it has insufficient knowledge or information to form a belief as to the truth of the allegations;

WHEREAS, the TRUST FUNDS and ELCO have engaged in multiple and varied discussions and have reached agreement on the terms of a settlement and those terms have been memorialized in a Settlement Agreement and Mutual Release ( "Agreement"), **attached hereto as Exhibit 1**, and whose terms and provisions Plaintiffs and Defendant wholly agree are incorporated verbatim, word for word, in this Joint Request, and which Agreement includes monetary payments by Defendant to Plaintiffs as follows:

   A. Liquidated Damages in the sum of $3,638.04 for delinquent contributions for the December 2016 pay period shall be paid on or before March 30, 2017;
   B. Unpaid and due and owing contributions for the January 2017 pay period in the sum of $39,036.96 shall be paid on or before February 28, 2017 (*See Exhibit 1 attached hereto*);
   C. Liquidated Damages in the sum of $3,903.69 for delinquent contributions for the January 2017 pay period shall be paid on or before March 30, 2017;
   D. Unpaid and due and owing contributions for the February 2017 pay period shall be paid on or before March 20, 2017;
   E. Liquidated Damages in the sum of $48,000 shall be paid in settlement of the $83,947.54 outstanding Liquidated Damages due and owing for the period December 2013 through November 2016 *as set forth and itemized in Exhibit 2 attached herein*. The $48,000 shall be paid in $2,000 increments on a monthly basis for twenty-four (24) consecutive months beginning on April 1, 2017 or the first business day of the month after the entered Order approving the Settlement Agreement is approved by the Court, whichever is later.

WHEREAS, Plaintiffs and Defendant have entered into a Stipulated Judgement, attached as **Exhibit A** to the Settlement Agreement and Mutual Release, to be filed with this Court *only* in the instance of a default by ELCO of any of the terms or provisions of the Settlement Agreement;

WHEREAS, the Plaintiffs and Defendant agree that the terms of the Stipulated Judgment are incorporated herein by reference, as if set forth verbatim in this Request and is comprised of the following sums from Defendant to Plaintiff;

   A. Liquidated Damages in the sum of $3,638.04 for delinquent contributions for the December 2016 pay period;

    B. Unpaid and due and owing contributions for the January 2017 pay period in the sum of $39,036.96;
    C. Liquidated Damages in the sum of $3,248.50 for delinquent contributions for the January 2017 pay period through date of judgment;
    D. Unpaid and due and owing contributions for the February 2017 pay period ;
    E. Liquidated damages in the amount of 10% for the delinquent /deficient contribution payment for February 2017 through date of judgment;
    F. Liquidated Damages in the amount of $83,947.54 for the delinquent and/or deficient pay periods from December 2013 through November 2016;
    G. Interest at the rate of 10% for any and all delinquent or deficient contributions, as set forth in A-F, from date of delinquency/deficiency through date of judgment;
    H. Reasonable and agreed upon Attorney's fees in the amount of $4,500.00;
    I. Costs of suit incurred in this action in the amount of $460.00;
    J. Actual and reasonable attorney fees and costs incurred by Plaintiffs in the preparation and filing of the attorney Declaration for the enforcement of the Stipulated Judgment and Proposed Order.

WHEREAS, the Plaintiffs and Defendant have executed the Stipulated Judgment and understand it to be the Final Judgement in this matter in the instance of a default by ELCO;

WHEREAS, the Plaintiffs and Defendant agree that proper credits shall be afforded to ELCO on the Stipulated Judgment based on any and all payments received by the TRUST FUNDS of the Settlement Amount. No interest shall accrue on the Stipulated Judgment until and unless it has been filed. If the Stipulated Judgment is filed, ELCO and the TRUST FUNDS agree to liquidated damages and interest accruing and calculated as set forth in the Stipulated Judgment;

WHEREAS, the instant matter is pending before this Court and Plaintiffs and Defendant agree that the Court has proper subject matter and personal jurisdiction;

WHEREAS, Plaintiffs and Defendant agree to the Court's Conditional Dismissal, Without Prejudice, pending the full satisfaction of each and every term and provision agreed to and contained in the Settlement Agreement and Mutual Release by Defendant;

WHEREAS, Plaintiffs and Defendant agree that within 15 days of the full receipt of all Settlement Amounts agreed upon, the TRUST FUNDS shall file a Request for Dismissal with Prejudice of the Complaint and shall provide a file endorsed copy of that Request for Dismissal via U.S. Mail to ELCO;

WHEREAS, Plaintiffs and Defendant hereby request that the Court retain jurisdiction in this matter for purposes of enforcing the terms of the Settlement Agreement and Mutual Release and enforcement of the Stipulated Judgement by Order;

WHEREAS, Plaintiffs and Defendant agree that in the instance of a default by ELCO, Defendant shall provide ten (10) days written notice to ELCO, and its' counsel of record William. C. Last, Jr. and Jonathan M. Bowne, at Last & Faoro, 520 S. El Camino Real, Suite 430, San Mateo, CA 94402, of the filing of the Declaration by Defendant's counsel of a default together with the Stipulated Judgement and a Proposed Order for signature and enforcement;

WHEREAS, Plaintiff and Defendant both jointly Request the Court's Approval of the Settlement Agreement and Mutual Release and the Stipulated Judgment;

WHEREAS, Plaintiff and Defendant agree that a hearing on the approval of the Settlement Agreement and Mutual Release is not warranted and waive any and all right to a hearing on their Joint Request of Approval of the Settlement Agreement and Mutual Release and Stipulated Judgment;

Dated: 3/13/17

_Sue Campbell_
Sue Campbell
Attorney for Plaintiffs

Dated: 3/6/17

_Jonathan M. Bowne_
Jonathan M. Bowne
Attorney for Defendant

NOW, THEREFORE having considered the Joint Request for Approval of the Settlement Agreement and Mutual Release and Stipulated Judgment,

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this case and personal jurisdiction over the Corporate Defendant.

2. The terms and provisions of the Settlement Agreement and Mutual Release are approved. The Settlement Agreement and Mutual Release, attached as Exhibit 1 to this Request, is hereby incorporated verbatim by reference in this Order and which includes monetary payments by Defendant to Plaintiffs as follows:

   A. Liquidated Damages in the sum of $3,638.04 for delinquent contributions for the December 2016 pay period shall be paid on or before March 30, 2017;
   B. Unpaid and due and owing contributions for the January 2017 pay period in the sum of $39,036.96 shall be paid on or before February 28, 2017 (See Exhibit 1 attached hereto);
   C. Liquidated Damages in the sum of $3,903.69 for delinquent contributions for the January 2017 pay period shall be paid on or before March 30, 2017;
   D. Unpaid and due and owing contributions for the February 2017 pay period shall be paid on or before March 20, 2017;
   E. Liquidated Damages in the sum of $48,000 shall be paid in settlement of the $83,947.54 outstanding Liquidated Damages due and owing for the period December 2013 through November 2016 as set forth and itemized in Exhibit 2 attached herein. The $48,000 shall be paid in $2,000 increments on a monthly basis for twenty-four (24) consecutive months beginning on April 1, 2017 or the first business day of the month after the entered Order approving the Settlement Agreement is approved by the Court, whichever is later.

3. The Court approves the Stipulated Judgment executed by both Plaintiffs and Defendant whose terms are incorporated herein by reference, as if set forth verbatim, and which is comprised of the following sums from Defendant to Plaintiff;

   A. Liquidated Damages in the sum of $3,638.04 for delinquent contributions for the December 2016 pay period;
   B. Unpaid and due and owing contributions for the January 2017 pay period in the sum of $39,036.96;
   C. Liquidated Damages in the sum of $3,248.50 for delinquent contributions for the January 2017 pay period through date of judgment;
   D. Unpaid and due and owing contributions for the February 2017 pay period ;
   E. Liquidated damages in the amount of 10% for the delinquent /deficient contribution payment for February 2017 through date of judgment;
   F. Liquidated Damages in the amount of $83,947.54 for the delinquent and/or deficient pay periods from December 2013 through November 2016;
   G. Interest at the rate of 10% for any and all delinquent or deficient contributions, as set forth in A-F, from date of delinquency/deficiency through date of judgment;
   H. Reasonable and agreed upon Attorney's fees in the amount of $4,500.00;
   I. Costs of suit incurred in this action in the amount of $460.00;

J. Actual and reasonable attorney fees and costs incurred by Plaintiffs in the preparation and filing of the attorney Declaration for the enforcement of the Stipulated Judgment and Proposed Order.

4. The Stipulated Judgment is approved as the Plaintiffs and Defendants Final Judgement in this matter in the instance of a default by ELCO.

5. The Court grants the Conditional Dismissal, Without Prejudice, as against Defendant ELCO.

6. The Court shall retain jurisdiction of this Matter for purposes of construction, modification and enforcement of this Order and any other Order in the enforcement of the Settlement Agreement and Mutual Release and a filing of the Stipulated Judgment.

7. Plaintiffs shall provide ten (10) days written notice to Defendant in the instance of a default of the terms and provisions of the Settlement Agreement and Mutual Release prior to Plaintiffs' attorney filing a Declaration as to the default together with the Stipulated Judgment and Proposed Order.

Dated: March 14, 2017

IT IS SO ORDERED.



# EXHIBIT 1

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is entered into as of the first date upon which this Agreement is fully executed by all Parties (the "Effective Date"), by and between Plaintiffs WILLIAM T. BARROW AND GERALD E. PFEIFFER, AS TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 332 HEALTH AND WELFARE AND PENSION TRUST FUNDS, NEBF, JEIF, NECA SERVICE CHARGE, NECA, DUES CHECK OFF AND APPRENTICESHIP TRAINING TRUST FUNDS (hereinafter "THE TRUST FUNDS") and Defendant ELCO ELECTRIC, INC., A California Corporation (hereinafter "ELCO"). The Plaintiff and the Defendant are together referred to herein as the "PARTIES".

### RECITALS

A. On or about November 9, 2016, the Trust Funds filed a Complaint styled *WILLIAM T. BARROW AND GERALD E. PFEIFFER, AS TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 332 HEALTH AND WELFARE AND PENSION TRUST FUNDS, NEBF, JEIF, NECA SERVICE CHARGE, NECA, DUES CHECK OFF AND APPRENTICESHIP TRAINING TRUST FUNDS v. ELCO ELECTRIC, INC., A California Corporation*, Case Number 16-CV-06523-NC. The Complaint alleged a breach of the Collective Bargaining Agreement and violations of ERISA and sought an award for alleged unpaid contributions for July-September 2016; liquidated damages of 10% for the period of July-September 2016 plus interest at 10% for the period of July-September 2016 and throughout the period of delinquency until judgment; liquidated damages in the amount $68,980.13 for the delinquent and/or deficient payments contributions for the period July 2011 through July 2016 plus interest at the rate of 10% calculated from the due date and throughout the delinquency period until paid or judgment; and attorney fees, costs and expenses incurred in the action; and any and all unpaid contributions, liquidated damages and interest that became due and owing at the time of filing the Complaints and through Judgment together with reasonable and actual attorney fees, costs and expenses.

B. On or about January 9, 2017, the TRUST FUNDS filed an Entry of Default.

C. On or about February 13, 2017, ELCO filed a Stipulation to Set Aside the Default.

D. On or about February 16, 2017, ELCO filed an Answer to the Complaint.

E. In the course of the litigation, the Parties exchanged certain information and support for their respective positions and undertook significant settlement efforts. The PARTIES have reached a compromise and settlement involving all matters of the Complaint. To further avoid expense and delay, and the uncertainty inherent in the litigation, the PARTIES have agreed to the following settlement, subject to the approval of the United State District Court, Northern California's (the "Court") approval, to resolve all disputes contained in this Complaint between the Parties.

NOW, THEREFORE, in consideration of the above-mentioned recitals and the mutual covenants herein, the PARTIES stipulate as follows:

1

## AGREEMENT

1. <u>Recitals</u>. The foregoing recitals are incorporated herein by reference.

2. <u>Order Approving Agreement</u>. This Agreement is contingent upon entry of a final, non-appealable Order from the Court approving this Agreement. The Parties will in good faith exercise all reasonable efforts required to obtain entry of the Order, including executing and delivering any motions, declarations or other items of support reasonably required in connection therewith. Consistent with the preceding sentence, the TRUST FUNDS shall file a Request for a Conditional Dismissal, without Prejudice, and seek to obtain approval of the Settlement Agreement with the Court.

3. <u>Court to Retain Jurisdiction</u>. The PARTIES expressly agree that the Court shall retain jurisdiction in the event of a default of the terms of the Agreement and to enforce the terms of the Stipulated Judgment.

4. <u>Compromise and Settlement</u>. Nothing in this Agreement or proceedings in connection therewith shall constitute or be deemed or claimed to be evidence of an admission of any liability by any party, or of the merit or lack of merit of any claim or defense of any party. All communications, whether oral or written, between the Parties, their counsel and/or their respective representatives relating to, concerning or in connection with this Agreement, or the matters covered herein, shall be governed and protected in accordance the Federal Rules of Evidence 408 to the fullest extent permitted by law.

5. <u>Settlement Payment and Timing of Payment</u>. ELCO shall pay to the TRUST FUNDS the following sums:

   A. Liquidated Damages in the sum of $3,638.04 for delinquent contributions for the December 2016 pay period shall be paid on or before March 30, 2017;
   B. Unpaid and due and owing contributions for the January 2017 pay period in the sum of $39,036.96 shall be paid on or before March 3, 2017 (See Exhibit 1 attached hereto);
   C. Liquidated Damages in the sum of $3,903.69 for delinquent contributions for the January 2017 pay period shall be paid on or before March 30, 2017;
   D. Unpaid and due and owing contributions for the February 2017 pay period shall be paid on or before March 20, 2017;
   E. Liquidated Damages in the sum of $48,000 shall be paid in settlement of the $83,947.54 outstanding Liquidated Damages due and owing for the period December 2013 through November 2016 as set forth and itemized in Exhibit 2 attached herein. The $48,000 shall be paid in $2,000 increments on a monthly basis for twenty-four (24) consecutive months beginning on April 1, 2017 or the first business day of the month after the entered Order approving the Settlement Agreement is approved by the Court, whichever is later.

2

All payments shall be made by Check or Cashier's Check and made payable to the International Brotherhood of Electrical Workers Local 332 Employee Benefit Trust Fund and sent to TRUST FUND's counsel Sue Campbell: 370 George Hood Lane, Palo Alto, California 94306.

6. THE TRUST FUNDS acknowledge receipt of the payment of delinquent contributions from ELCO, as prayed for in the Complaint, as follows: For July 2016 in the amount of $28,627.82; For August 2016 in the amount of $86,038.95 and For September 2016 in the amount of $43,546.08. ELCO has paid the TRUST FUNDS a total of $158,212.85 in delinquent contributions.

7. <u>Stipulation to Judgment to be Provided and Held in favor of the Plaintiffs TRUST FUNDS against Defendant ELCO in the instance of a Default by ELCO.</u> Contemporaneously with the execution of the Settlement Agreement by ELCO, a Stipulated Judgment in the amount of One hundred thirty four thousand eight hundred thirty one dollars and four cents. ($134,831.04) (the "Stipulated Judgment"), plus interest and liquidated damages as set forth in (E) and (G) below plus actual and reasonable attorney fees and costs incurred in the filing of Stipulated Judgment as set forth in (J) below, and according to proof, shall be executed and delivered to the TRUST FUNDS in favor of the TRUST FUNDS. The Stipulated Judgment shall jointly and severally obligate ELCO to the Stipulated Judgment Amount, and shall be held, and not filed by the TRUST FUNDS unless an event of default, as defined below, shall occur.

Proper Credits shall be afforded to ELCO on the Stipulated Judgment based on all payments received by the TRUST FUNDS of the Settlement Amount. No interest shall accrue on the Stipulated Judgment until and unless it has been filed. If the Stipulated Judgment is filed, ELCO and the TRUST FUNDS agree to liquidated damages and interest accruing and calculated as set forth in the Stipulated Judgment.

8. <u>Event of Default and Filing Stipulated Judgment.</u> The Stipulated Judgment shall only be filed upon the occasion of non-payment by ELCO of (A) the Liquidated Damages in the sum of $3,638.04 on or before March 30, 2017; or (B) the unpaid and due and owing contributions for January 2017 in the sum of $39,036.96 on or before February 28, 2017; or (C) the Liquidated Damages in the sum of $3,248.50 for delinquent contributions for the January 2017 on or before February 28, 2017; or (D) the unpaid and due and owing contributions for February 2017 due on or before March 20, 2017; or (E) any of the ongoing monthly contribution payments due to the trust funds during the 24 month payment schedule from April 1, 2017 to March 31, 201; or (F) any of the twenty-four (24) $2,000 consecutive monthly payments due pursuant to the terms of the Agreement.

IT IS FURTHER AGREED by the PARTIES hereto that upon failure of ELCO to make any of the payments, in a timely manner and pursuant to the specific terms of this Agreement, the **Stipulated Judgment attached hereto as Exhibit "A"**, shall be entered in the amounts set forth below:

A. Liquidated Damages in the sum of $3,638.04 for delinquent contributions for the December 2016 pay period;
B. Unpaid and due and owing contributions for the January 2017 pay period in the sum of $39,036.96;

    C. Liquidated Damages in the sum of $3,248.50 for delinquent contributions for the January 2017 pay period through date of judgment;
    D. Unpaid and due and owing contributions for the February 2017 pay period ;
    E. Liquidated damages in the amount of 10% for the delinquent /deficient contribution payment for February 2017 through date of judgment;
    F. Liquidated Damages in the amount of $83,947.54 for the delinquent and/or deficient pay periods from December 2013 through November 2016;
    G. Interest at the rate of 10% for any and all delinquent or deficient contributions, as set forth in A-F, from date of delinquency/deficiency through date of judgment.
    H. Reasonable and agreed upon Attorney's fees in the amount of $4,500.00;
    I. Costs of suit incurred in this action in the amount of $460.00;
    J. Actual and reasonable attorney fees and costs incurred by Plaintiffs in the preparation and filing of the attorney Declaration for the enforcement of the Stipulated Judgment and Proposed Order

The Stipulated Judgment shall be filed with the Court, who shall retain jurisdiction, upon ten (10) days written notice to ELCO, and its counsel of record William C. Last, Jr. and Jonathan M. Bowne, at Last & Faoro, 520 S. El Camino Real, Suite 430, San Mateo, CA 94402, by the TRUST FUND's Attorney and upon the filing of a Declaration by TRUST FUNDS's attorney stating that a Default has occurred and that the Stipulated Judgment shall be entered.

9. Within 15 days of the full receipt of all Settlement Amounts agreed upon, as set forth in Paragraph 5.A-E above, the TRUST FUNDS shall file a Request for Dismissal with Prejudice of the Complaint and shall provide a file endorsed copy of that Request for Dismissal via U.S. Mail to ELCO ELECTRIC, INC., A California Corporation at: 1957 O'TOOLE AVENUE, SAN JOSE, CA 95131.
10. This Agreement and Stipulated Judgment covers ONLY the delinquent amounts due to the TRUST FUNDS for the time period December 2013 through February 2017, and does not include any amounts for any other time period that the collective bargaining agreement is in effect between the signatory PARTIES. By entering into this Agreement and Stipulated Judgment, TRUST FUNDS do not waive their right to audit ELCO for the above time period, or any other subsequent time period, and to collect through a subsequent legal action any and all monies found to be due and owing to the TRUST FUNDS, whether by audit or otherwise for both reported and unreported delinquent hours.
11. No Admission. It is understood and agreed that this is a compromise and settlement of disputed claims, and that the payment of consideration for this release does not constitute and shall not be construed for any purpose as an admission of liability by ELCO ELECTRIC, Inc., A California Corporation or for that matter by THE TRUST FUNDS.
12. Representations and Warranties. Each of the persons executing this Agreement on behalf of each of the Parties hereto warrants that each has full power and authority to do so on behalf of the Party or person for whom the Party is signing, and that no other individual or corporate authorization is necessary.
13. Waivers and Amendments. A Provision of this Agreement may be waived only by a writing signed by the waiving Party, and a Provision may be amended only by a writing signed by both PARTIES.

4

14. <u>Further Cooperation</u>. The PARTIES agree to take such further acts and execute such additional documents as may be necessary or appropriate to carry out the provisions and purposes of this Agreement.
15. <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, including facsimile counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.
16. <u>Attorney fees and Costs</u>. The PARTIES have agreed to an amount of reasonable attorney fees and costs due to the TRUST FUNDS, as a result of this litigation, as follows: $4,500.00 for attorney fees and $460.00 for costs. Such fees and costs are agreed to be recoverable upon default by ELCO of the terms of this Agreement and are specifically set forth in the Stipulated Judgment. Furthermore, the PARTIES agree that in the event that it becomes necessary for the TRUST FUNDS to enforce the Stipulated Judgment and the TRUST FUNDS are the prevailing party, the TRUST FUNDS shall recover their reasonable and actual attorney fees and cost incurred in the enforcement of the Stipulated Judgment.
17. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the parties hereto, and all other prior agreements, arrangements or understandings, oral or written, express or implied, are merged into, and superseded by the terms of this Agreement.

IN WITNESS WHEREOF, the Parties to the Agreement have read, understood and agreed to the terms of this Agreement, and have voluntarily executed the Agreement as of the dates set forth below by and through their undersigned and duly authorized representatives.

| ELCO ELECTRIC INC. | I.B.E.W. LOCAL 332 EMPLOYEE BENEFIT TRUST FUNDS |
|---|---|
| BY: _[signature]_ | BY: _____ |
| Date: 03/03/2017 | Date: _____ |

14. **Further Cooperation.** The PARTIES agree to take such further acts and execute such additional documents as may be necessary or appropriate to carry out the provisions and purposes of this Agreement.
15. **Counterparts.** This Agreement may be executed in two or more counterparts, including facsimile counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.
16. **Attorney Fees and Costs.** The PARTIES have agreed to an amount of reasonable attorney fees and costs due to the TRUST FUNDS, as a result of this litigation, as follows: $4,500.00 for attorney fees and $460.00 for costs. Such fees and costs are agreed to be recoverable upon default by ELCO of the terms of this Agreement and are specifically set forth in the Stipulated Judgment. Furthermore, the PARTIES agree that in the event that it becomes necessary for the TRUST FUNDS to enforce the Stipulated Judgment and the TRUST FUNDS are the prevailing party, the TRUST FUNDS shall recover their reasonable and actual attorney fees and cost incurred in the enforcement of the Stipulated Judgment.
17. **Entire Agreement.** This Agreement constitutes the entire agreement between the parties hereto, and all other prior agreements, arrangements or understandings, oral or written, express or implied, are merged into, and superseded by the terms of this Agreement.

IN WITNESS WHEREOF, the Parties to the Agreement have read, understood and agreed to the terms of this Agreement, and have voluntarily executed the Agreement as of the dates set forth below by and through their undersigned and duly authorized representatives.

ELCO ELECTRIC, INC.

BY: _/s/_

Date: 03/03/2017

I.B.E.W. LOCAL 332 EMPLOYEE BENEFIT TRUST FUNDS

BY: _Nerald Pfeiffer_

Date: 3-13-2017

14. **Further Cooperation.** The PARTIES agree to take such further acts and execute such additional documents as may be necessary or appropriate to carry out the provisions and purposes of this Agreement.
15. **Counterparts.** This Agreement may be executed in two or more counterparts, including facsimile counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.
16. **Attorney fees and Costs.** The PARTIES have agreed to an amount of reasonable attorney fees and costs due to the TRUST FUNDS, as a result of this litigation, as follows: $4,500.00 for attorney fees and $460.00 for costs. Such fees and costs are agreed to be recoverable upon default by ELCO of the terms of this Agreement and are specifically set forth in the Stipulated Judgment. Furthermore, the PARTIES agree that in the event that it becomes necessary for the TRUST FUNDS to enforce the Stipulated Judgment and the TRUST FUNDS are the prevailing party, the TRUST FUNDS shall recover their reasonable and actual attorney fees and cost incurred in the enforcement of the Stipulated Judgment.
17. **Entire Agreement.** This Agreement constitutes the entire agreement between the parties hereto, and all other prior agreements, arrangements or understandings, oral or written, express or implied, are merged into, and superseded by the terms of this Agreement.

IN WITNESS WHEREOF, the Parties to the Agreement have read, understood and agreed to the terms of this Agreement, and have voluntarily executed the Agreement as of the dates set forth below by and through their undersigned and duly authorized representatives.

ELCO ELECTRIC INC.

BY: _[signature]_

Date: 03/03/2017

I.B.E.W. LOCAL 332 EMPLOYEE BENEFIT TRUST FUNDS

BY: _[signature]_

Date: 3/13/017

5

# International Brotherhood of Electrical Workers Local 332
## FRINGE BENEFIT REMITTANCE REPORT - INSIDE

EXHIBIT 1

**This report is due to the Administrator's office by the 15th of each month.**

☐ IF NO Employees covered by this Trust Agreement were employed this month, please enter an "X" in the box to the left, sign and return

Ref# 5354433201

| (1) Name of Company: | Elco Elec | Employer's Federal ID | PLEASE MAIL MONTHLY BENEFITS CHECKS |
| --- | --- | --- | --- |
| Address: | 1957 O'Toole Way | 37-1793199 | AND A COPY OF THIS TRANSMITTAL TO: |
| | San Jose, CA 95131 | UAS # | IBEW LOCAL 332 TRUST FUND LOCKBOX |
| Phone: | (408) 434-6601 | Payroll Period: $59.02 | PO BOX 45500 |
| Email: | denis@elco-electric.com | January-17 | San Francisco, CA 94145 |
| NECA? N | (2) Straight Earnings $58,911.88 | Date: 2/13/2017 | *Email the completed form to: epr@ibew332.org |

| (3) Last Name | (4) First Name | (4) Last 4 SSN | (5) Contract-Job Class | (6) Start Date | (7) New Term Date | (8) Total Clock Hours | (9) Gross Pay | (10) Total Pen | (11) Add Pen |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1 | | | | | | | | | |
| 2 | | | | | | | | | |
| 3 | | | | | | | | | |
| 4 | | | | | | | | | |
| 5 | | | | | | | | | |
| 6 | | | | | | | | | |
| 7 | | | | | | | | | |
| 8 | | | | | | | | | |
| 9 | | | | | | | | | |
| 10 | | | | | | | | | |
| 11 | | | | | | | | | |
| 12 | | | | | | | | | |
| 13 | | | | | | | | | |
| 14 | | | | | | | | | |
| 15 | | | | | | | | | |
| 16 | | | | | | | | | |
| 17 | | | | | | | | | |
| 18 | | | | | | | | | |
| 19 | | | | | | | | | |
| 20 | | | | | | | | | |
| 21 | | | | | | | | | |
| 22 | | | | | | | | | |
| 23 | | | | | | | | | |
| 24 | | | | | | | | | |
| 25 | | | | | | | | | |
| (12) TOTALS | | | | | | 1,017.00 | 58,911.88 | | |

(13) NATIONAL ELECTRICAL BENEFIT FUND = 3% OF GROSS EARNINGS
Make separate check payable to "NEBF" Check# → $1,767.36

(14) NECA Service Charge = 0.5% of Gross Earnings
Make separate check payable to "NECA" Check# →

(15) The employer reporting herein recognizes that it is bound by the Restated Employee Benefit Agreement and Trust for the National Electrical Benefit Fund and agrees to make the required contributions to the Fund as provided therein. The employer acknowledges having received a copy of the above Agreement. The employer certifies that the information contained in this report is a full and accurate statement of hours worked and wages earned of all employees subject to employer contributions (pursuant to Article 8 of the Agreement). The employer further certifies that if contributions are made on behalf of non-bargaining unit employees, it is making such contribution in accordance with Article 6 of the Agreement and it is either covering all such non-bargaining employees or alumni employees only, except those who may be excluded pursuant to Section 6.3 of the Agreement. The employer further certifies that if it is reporting on behalf of a related organization as defined in Article 6 of the Agreement, either all employees of the organization or alumni employees only are covered, except those who may be excluded pursuant to Section 6.3 of the NEBF Agreement.

| | | |
| --- | --- | --- |
| Dues | | $4,123.84 |
| H&W | | $13,963.42 |
| Pension | | $17,527.18 |
| EF | | $30.52 |
| AMF | | $294.56 |
| JATC | | $994.46 |
| JEIF | | $305.10 |
| NLMCC | | $10.18 |
| IF | | $20.34 |
| Straight Time | $58,911.88 | |
| NECADues | | |
| TOTAL | | $37,269.60 |
| TOTAL INCL NEBF/NECA | | $39,036.96 |

| Signature | Title | Date |
| --- | --- | --- |
| | | 2/13/2017 |

(7) PLEASE MAIL MONTHLY BENEFITS CHECK AND A COPY OF THIS TRANSMITTAL TO:
IBEW LOCAL 332 TRUST FUND LOCKBOX
PO BOX 45500  SAN FRANCISCO, CA  94145
ck stub  5354433201  Check#
JER*** Please Email the completed form to: epr@ibew332.org ***

17 2:37 PM   C:\Users\Adriana\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\KW9CQEFG\Copy of Elco Elec_INS 201701_332

ELCO ELECTRIC
LIQUIDATED DAMAGES

EXHIBIT 2

| WORK MO | DUE DATE | REC'D DATE | AMOUNT DUE |
|---|---|---|---|
| Dec-12 | 1/15/2013 | 2/7/2013 | $1,229.92 |
| Feb-13 | 3/15/2013 | 4/8/2013 | $1,227.20 |
| Apr-13 | 5/15/2013 | 6/12/2013 | $1,660.80 |
| May-13 | 6/15/2013 | 7/10/2013 | $1,591.43 |
| Sep-13 | 10/15/2013 | 10/24/2013 | $991.13 |
| Oct-13 | 11/15/2013 | 12/16/2013 | $1,145.20 |
| Dec-13 | 1/15/2014 | 2/3/2014 | $1,362.94 |
| Jan-14 | 2/15/2014 | 3/4/2014 | $943.48 |
| Feb-14 | 3/15/2014 | 4/22/2014 | $998.63 |
| Mar-14 | 4/15/2014 | 5/30/2014 | $1,225.07 |
| Apr-14 | 5/15/2014 | 7/8/2014 | $1,761.47 |
| May-14 | 6/15/2014 | 7/23/2014 | $991.96 |
| Jun-14 | 7/15/2014 | 8/25/2014 | $1,206.64 |
| Jul-14 | 8/15/2014 | 10/3/2014 | $2,214.87 |
| Aug-14 | 9/15/2014 | 11/24/2014 | $1,960.88 |
| Sep-14 | 10/15/2014 | 12/16/2014 | $1,380.46 |
| Oct-14 | 11/15/2014 | 1/16/2015 | $1,634.42 |
| Dec-14 | 1/15/2015 | 1/22/2015 | $556.23 |
| Jan-15 | 2/15/2015 | 2/18/2015 | $614.60 |
| Feb-15 | 3/15/2015 | 4/17/2015 | $1,064.10 |
| Mar-15 | 4/15/2015 | 6/23/2015 | $940.36 |
| Apr-15 | 5/15/2015 | 7/13/2015 | $2,951.46 |
| May-15 | 6/15/2015 | 6/23/2015 | $2,928.43 |
| Jun-15 | 7/15/2015 | 7/28/2015 | $2,075.29 |
| Aug-15 | 9/15/2015 | 10/20/2015 | $3,058.19 |
| Sep-15 | 10/15/2015 | 12/1/2015 | $3,100.60 |
| Oct-15 | 11/15/2015 | 12/22/2015 | $2,479.70 |
| Nov-15 | 12/15/2015 | 3/24/2016 | $2,102.06 |
| Dec-15 | 1/15/2016 | 1/26/2016 | $1,900.87 |
| Jan-16 | 2/15/2016 | 4/6/2016 | $2,479.93 |
| Feb-16 | 3/15/2016 | 4/15/2016 | $1,503.93 |
| Mar-16 | 4/15/2016 | 5/24/2016 | $1,867.97 |
| Apr-16 | 5/15/2016 | 6/14/2016 | $2,629.55 |
| May-16 | 6/15/2016 | 6/22/2016 | $2,094.83 |
| Jun-16 | 7/15/2016 | 8/8/2016 | $3,254.73 |
| Jul-16 | 8/15/2016 | 11/3/2016 | $4,790.39 |
| Aug-16 | 9/15/2016 | 11/4/2016 | $5,580.74 |
| Sep-16 | 10/15/2016 | 11/4/2016 | $3,635.07 |
| Oct-16 | 11/15/2016 | 12/27/2016 | $3,878.05 |
| Nov-16 | 12/15/2016 | 1/17/2017 | $4,833.96 |
| Dec-16 | 1/15/2017 | 2/6/2017 | $3,638.04 |
| | | TOTAL | $87,485.58 |

ELCO ELECTRIC
LIQUIDATED DAMAGES

| WORK MO | DUE DATE | REC'D DATE | AMOUNT DUE |
|---|---|---|---|
| Dec-12 | 1/15/2013 | 2/7/2013 | $1,229.92 |
| Feb-13 | 3/15/2013 | 4/8/2013 | $1,227.20 |
| Apr-13 | 5/15/2013 | 6/12/2013 | $1,660.80 |
| May-13 | 6/15/2013 | 7/10/2013 | $1,591.43 |
| Sep-13 | 10/15/2013 | 10/24/2013 | $991.13 |
| Oct-13 | 11/15/2013 | 12/16/2013 | $1,145.20 |
| Dec-13 | 1/15/2014 | 2/3/2014 | $1,362.94 |
| Jan-14 | 2/15/2014 | 3/4/2014 | $943.48 |
| Feb-14 | 3/15/2014 | 4/22/2014 | $998.63 |
| Mar-14 | 4/15/2014 | 5/30/2014 | $1,225.07 |
| Apr-14 | 5/15/2014 | 7/8/2014 | $1,761.47 |
| May-14 | 6/15/2014 | 7/23/2014 | $991.96 |
| Jun-14 | 7/15/2014 | 8/25/2014 | $1,206.64 |
| Jul-14 | 8/15/2014 | 10/3/2014 | $2,214.87 |
| Aug-14 | 9/15/2014 | 11/24/2014 | $1,960.88 |
| Sep-14 | 10/15/2014 | 12/16/2014 | $1,380.46 |
| Oct-14 | 11/15/2014 | 1/16/2015 | $1,634.42 |
| Dec-14 | 1/15/2015 | 1/22/2015 | $556.23 |
| Jan-15 | 2/15/2015 | 2/18/2015 | $614.60 |
| Feb-15 | 3/15/2015 | 4/17/2015 | $1,064.10 |
| Mar-15 | 4/15/2015 | 6/23/2015 | $940.36 |
| Apr-15 | 5/15/2015 | 7/13/2015 | $2,951.46 |
| May-15 | 6/15/2015 | 6/23/2015 | $2,928.43 |
| Jun-15 | 7/15/2015 | 7/28/2015 | $2,075.29 |
| Aug-15 | 9/15/2015 | 10/20/2015 | $3,058.19 |
| Sep-15 | 10/15/2015 | 12/1/2015 | $3,100.60 |
| Oct-15 | 11/15/2015 | 12/22/2015 | $2,479.70 |
| Nov-15 | 12/15/2015 | 3/24/2016 | $2,102.06 |
| Dec-15 | 1/15/2016 | 1/26/2016 | $1,900.87 |
| Jan-16 | 2/15/2016 | 4/6/2016 | $2,479.93 |
| Feb-16 | 3/15/2016 | 4/15/2016 | $1,503.93 |
| Mar-16 | 4/15/2016 | 5/24/2016 | $1,867.97 |
| Apr-16 | 5/15/2016 | 6/14/2016 | $2,629.55 |
| May-16 | 6/15/2016 | 6/22/2016 | $2,094.83 |
| Jun-16 | 7/15/2016 | 8/8/2016 | $3,254.73 |
| Jul-16 | 8/15/2016 | 11/3/2016 | $4,790.39 |
| Aug-16 | 9/15/2016 | 11/4/2016 | $5,580.74 |
| Sep-16 | 10/15/2016 | 11/4/2016 | $3,635.07 |
| Oct-16 | 11/15/2016 | 12/27/2016 | $3,878.05 |
| Nov-16 | 12/15/2016 | 1/17/2017 | $4,833.96 |
| Dec-16 | 1/15/2017 | 2/6/2017 | $3,638.04 |
| | | TOTAL | $87,485.58 |

# EXHIBIT A

SUE CAMPBELL, SBN 98728
ADRIANA C. MOORE, SBN 146121
CAMPBELL LAW OFFICE
370 George Hood Lane
Palo Alto, California 94306
Phone: (408) 277-0648
Fax:    (408) 938-1035

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM T. BARROW and GERALD E. PFEIFFER, AS TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 332 HEALTH AND WELFARE AND PENSION TRUST FUNDS, NEBF, JEIF, NECA SERVICE CHARGE, NECA, DUES CHECK OFF AND APPRENTICESHIP TRAINING TRUST FUNDS,<br><br>Plaintiffs,<br><br>vs.<br><br>ELCO ELECTRIC INC., A California Corporation<br><br>Defendant(s). | CASE NO.:16-CV-06523-NC<br><br>STIPULATED JUDGMENT AND PROPOSED ORDER |

In the above entitled cause, Plaintiffs WILLIAM T. BARROW and GERALD E. PFEIFFER AS TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS (I.B.E.W) LOCAL 332 HEALTH AND WELFARE AND PENSION TRUST FUNDS, NEBF, JEIF, NECA SERVICE CHARGE, NECA, DUES CHECK OFF AND APPRENTICESHIP TRAINING TRUST FUND PLANS (hereinafter the Plaintiffs") and Defendant ELCO ELECTRIC, INC., a California Corporation (hereinafter "Defendant"), hereby Stipulate to the Entry of Judgment in favor of Plaintiffs and against Defendant in the sum of $134,831.04, plus interest and liquidated damages as set forth in (E) and (G) below plus actual and reasonable attorney fees and costs incurred in the filing of Stipulated Judgment as set forth in (J) below and according to proof, and which is composed of the following sums:

A. Liquidated Damages in the sum of $3,638.04 for delinquent contributions for the December 2016 pay period;
B. Unpaid and due and owing contributions for the January 2017 pay period in the sum of $39,036.96;
C. Liquidated Damages in the sum of $3,248.50 for delinquent contributions for the January 2017 pay period through date of judgment;
D. Unpaid and due and owing contributions for the February 2017 pay period;
E. Liquidated damages in the amount of 10% for the delinquent /deficient contribution payment for February 2017 through date of judgment;
F. Liquidated Damages in the amount of $83,947.54 for the delinquent and/or deficient pay periods from December 2013 through November 2016;
G. Interest at the rate of 10% for any and all delinquent or deficient contributions, as set forth in A-F, from date of delinquency/deficiency through date of judgment;
H. Reasonable and agreed upon Attorney's fees in the amount of $4,500.00;
I. Costs of suit incurred in this action in the amount of $460.00;
J. Actual and reasonable attorney fees and costs incurred by Plaintiffs in the preparation and filing of the attorney Declaration for the enforcement of the Stipulated Judgment and Proposed Order.

Date: 3/13/17

*Sue Campbell*

SUE CAMPBELL
Attorney for I.B.E.W. Local 332 EMPLOYEE BEENFIT TRUST FUNDS

Date: 3/6/17

Jonathan M. Bowne
Attorney for ELCO ELECTRIC, INC.

Dated: _____

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

STIPULATED JUDGMENT                                     NO. 16-V-06523-NC

2